**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                          **CRIMINAL ACTION NO. 4:05CR30-P-B**

**DEVER HARRIS AND**
**DARRON DAVIS,**                                          **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendant Dever Harris's Motion for Lenity [42].

Upon due consideration of the motion the court finds as follows, to-wit:

The motion is not well-taken and should be denied. In *United States v. Orellana*, the Fifth

Circuit Court of Appeals recently concluded that:

> The rule of lenity should not be applied haphazardly ... but should be reserved for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statutes. Consequently, we will resort to the rule of lenity only if the text of the statute is opaque or ambiguous. The rule is a rule of statutory construction and should be employed only after other canons of construction have proven unsatisfactory in pursuit of a criminal statute's meaning.

405 F.3d 360, 371 (5th Cir. 2005) (emphasis in original).

There is no reasonable doubt that Congress, when writing 21 U.S.C. §§ 841(b)(1)(A)(iii)

(setting minimum sentence of 10 years imprisonment for "50 grams or more of ...cocaine base") and

841(b)(1)(B)(iii) (setting the minimum sentence of 5 years for "5 grams or more of ... cocaine base),

did not mean for someone who is convicted of possessing over 50 grams to be sentenced to a

minimum of only 5 years. By applying the rule of lenity to the superficial ambiguity among the two

sections, someone possessing over 500 pounds of cocaine base would only get a minimum of 5

years. The reasonable interpretation with respect to §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) is that 5 to 49 grams is subject to a minimum of 5 years imprisonment, whereas 50 or more grams is subject to at least 10 years.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Dever Harris's Motion for Lenity[42] is hereby **DENIED**.

**SO ORDERED** this the 23rd day of August, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE